(46 App. Div. 98.)

PHILLIP SEMMER GLASS CO. v. NASSAU SHOW–CASE CO.

(Supreme Court, Appellate Division, First Department.   December 8, 1899.)

MUNICIPAL COURTS—JURISDICTION.

> Since under Laws 1897, c. 378, the New York City municipal court pos-
> sesses the same jurisdiction in actions at law within such city as a
> county court within its county, such municipal court in the borough of

Manhattan, New York county, has jurisdiction of an action against a domestic corporation having its principal place of business in Kings county, in such city, to recover for goods sold and delivered.

Appeal from appellate term.

Action by the Phillip Semmer Glass Company against the Nassau Show-Case Company. From an order (59 N. Y. Supp. 530) reversing a judgment of the municipal court of the city of New York, borough of Manhattan, First district, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Frederick J. Moses and Theodore W. Morris, Jr., for appellant.
Frederick W. Mattocks, for respondent.

McLAUGHLIN, J. This action was commenced in the Third district municipal court in the borough of Manhattan, city of New York. Upon the return day of the summons the defendant appeared, and demanded that the action be removed from the Third to the First district court, upon the ground that the plaintiff was a domestic corporation having its place of business, not in the Third, but in the First, district. Pursuant to this demand, an order was thereupon made removing the cause to the First district. When the cause appeared upon the calendar of the court in the First district, the defendant interposed an answer, in and by which it pleaded as its sole defense the fact that the defendant was a domestic corporation having its place of business in the borough of Brooklyn, in the county of Kings. Issue being thus joined, the plaintiff moved for judgment upon the pleadings. The motion was granted, and the defendant appealed to the appellate term. The appellate term reversed the judgment, holding "that the exercise of jurisdiction by the municipal court of the city of New York is in all things measured by and limited to that possessed by the county courts, and that, as the latter courts have no jurisdiction over nonresidents of the county in which they are respectively located, the municipal court of the city of New York, borough of Manhattan, has no jurisdiction over a nonresident of the county of New York." From this order the plaintiff, by leave of the appellate term, has appealed to this court. We think the order of the appellate term must be reversed, and the judgment of the municipal court affirmed. The decision of the appellate term is directly in conflict with a decision of this court. Irwin v. Railway Co., 38 App. Div. 253, 57 N. Y. Supp. 21. In the Irwin Case we held that the act of the legislature (chapter 378, Laws 1897) creating the municipal court was constitutional, and that the municipal court may have, in actions at law within the territorial boundaries of the city created by the act, the same jurisdiction that a county court can have within the territorial boundaries of a county. It is unnecessary to repeat here the reasons which led to this conclusion, as they are very clearly and fully stated in the opinion in that case. Upon this decision, therefore, it follows that the order appealed from must be reversed, with costs, and the judgment of the municipal court affirmed, with costs. All concur.